# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TAMMY WARD,**
**Individually and on Behalf of**
**All Others Similarly Situated,**

         **Plaintiff,**

         v.                          **Case No. 14-CV-697**

**BAYVIEW LOAN SERVICING, LLC,**

         **Defendant.**

## STIPULATED PROTECTIVE ORDER

Upon the Stipulated Protective Order submitted by the parties and a showing of good cause pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED that:

1. In order to ensure the privacy of consumer identification and financial information, and to protect the privacy of confidential or proprietary information, or both, and to protect any other information that a party may contend contains information entitled to protection, the parties have agreed to the conditions set forth in this Protective Order to maintain the confidentiality of such information.

2. This Protective Order shall apply to all materials and information designated as "CONFIDENTIAL" as defined herein and produced by the parties during the course of discovery, and all copies, excerpts, or summaries of the confidential documents produced, including, without limitation, documents and information produced pursuant to Rules 26, 33, 34, or 36 of the Federal Rules of Civil Procedure, or by informal request or agreement, answers to interrogatories or requests for admissions, documents subpoenaed in connection with deposition testimony, and deposition transcripts (hereinafter referred to collectively as "Discovery Materials").

3. Information provided by a party in this litigation or any portion thereof, recorded in any form, including any form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure, which, in the good faith opinion of the party providing such information or discovery or to which that information belongs (the "producing party"), discloses such producing party's:

    a. trade secrets;

    b. confidential, proprietary financial information that is not publicly available;

    c. confidential, proprietary information regarding prices or costs;

    d. confidential, proprietary information regarding business practices and operations;

  e. confidential personal identification and financial information of borrowers and account holders;

  f. confidential, proprietary information regarding customers' identities; or

  g. confidential, proprietary tax information, or other confidential employee or customer records or information subject to statutory or regulatory privacy protections

may be designated by the producing party as "CONFIDENTIAL."

  4. The term "Confidential Information" shall mean Discovery Materials or information designated "CONFIDENTIAL" under this Protective Order as well as any copies, summaries, compilations, notes and abstracts created from such material or information.

  5. The parties to this action and their counsel shall not use the documents and testimony designated "CONFIDENTIAL" except for the sole purpose of prosecuting or defending this lawsuit. Information and Discovery Materials designated "CONFIDENTIAL" may only be disclosed to the following persons:

  a. Attorneys of record or in-house counsel for the parties in this action and the staff of their respective law firms or in-house departments working on this case;

b.  Named parties, or officers, directors, partners, and employees of a party who are reasonably necessary to assist in this case;

c.  The Court and Court personnel in accordance with the procedures set forth in Paragraph 7 below;

d.  Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case;

e.  Outside photocopying, data processing or graphic services employed by a party or its counsel to assist in this litigation; and

f.  Any person who authored or received the particular information sought to be disclosed to that person.

6. All Confidential Information shall be designated and stamped "CONFIDENTIAL" prior to their production. Each page that contains Confidential Information shall be so marked. Thus, marking a single page of a multi-page document will not impact the designation of the pages not so marked. In the case of deposition testimony, counsel shall, within thirty days after the transcript has been received by such counsel, be permitted to designate any portions of the transcript that contain testimony concerning Confidential Information and not so designated during deposition testimony, which portions after such designation shall be treated as Confidential Information. During this thirty day period, the entire transcript will be treated as confidential.

7. Submitting Confidential Information Under Seal.

   a. Filing and Introducing Designated Material: If any party intends to file or introduce material, which that party has previously designated as "CONFIDENTIAL" pursuant to this Protective Order, and the party wishes to have the Court place the material under seal, it must obtain a court order upon a motion filed in accordance with the procedures set forth in General Local Rule 79(d) of the Eastern District of Wisconsin and subsection (b) below prior to filing the material. If any party intends to file or introduce material which another party has previously designated as "CONFIDENTIAL" pursuant to this Protective Order, the filing party must file, concurrently with the designated material, a Civil L.R. 7(h), expedited, non-dispositive motion to seal, stating in the motion that the designating party has designated the material(s) as "CONFIDENTIAL." If the designating party wishes to have the Court place the material under seal, the designating party must so request in a response to the filing party's expedited motion to seal, pursuant to General Local Rule 79(d)(7).

   b. Motions to Place Designated Material Under Seal: Any party seeking to have the Court place material under seal must file an

expedited, non-dispositive motion and a proposed order with the Court, pursuant to Civil L.R. 7(h). The party designating the material as "CONFIDENTIAL" must, in the motion to seal or response brief described in Paragraph 7(a), above, set forth the reasons why good cause exists to place the material under seal. The party filing the motion should provide a copy of the materials at issue directly to the Court using the procedure specified in Gen. L.R. 79(d)(5) and (6). If the Court grants the motion, the material shall retain its "CONFIDENTIAL" designation. If the Court denies the motion, the party who designated the challenged document as "CONFIDENTIAL" shall have the burden of attempting to maintain the confidentiality of the document, for example by filing a motion to reconsider.

8. In the event that a party objects to the other party's designation of any material as "CONFIDENTIAL" under this Protective Order, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an agreement as to the proper designation of the material, the objecting party may bring a motion to the Court for a ruling that the material shall not be so designated, or the objecting party may state its objections in its motion to seal, pursuant to Paragraph 7(a) above. Any documents or other materials that have been

designated "CONFIDENTIAL" shall be treated in accordance with the terms of this Protective Order until such time as the Court rules that such materials should not be treated as confidential. Any interested member of the public may challenge the designation of any material as "CONFIDENTIAL" pursuant to the terms of this paragraph.

9. The inadvertent or unintentional disclosure by the producing party of information designated as "CONFIDENTIAL," regardless of whether the information was so designated at the time of disclosure, or the unintentional disclosure of information subject to the attorney/client or work product privilege, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Upon discovery of inadvertent or unintentional disclosure by the producing party, counsel for the parties shall cooperate to restore the confidentiality or privileged status of the inadvertently disclosed information.

10. Neither the entry of this Order nor the designation of any information, document or the like as "CONFIDENTIAL" (or the failure to make such designation) shall constitute evidence with respect to any issue in this litigation. Failure to designate any document or thing shall not constitute a waiver of any party's claim outside this litigation that such documents or things do contain trade secrets, proprietary

information, or otherwise confidential information. No party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

11. Except as provided in paragraph 7 above, this Protective Order shall not prevent any Confidential Information from being used by the Court or counsel at any hearing in this action, or from being offered and received into evidence at trial, provided that such use is made only in accordance with such appropriate procedures as may be approved by the Court. The parties agree that they will attempt to reach agreement regarding the procedures to be recommended to the Court.

12. Within sixty days after the conclusion of trial and all appeals or any other termination of this action, all Confidential Information shall be returned to the producing party or destroyed in a mutually agreeable manner. Notwithstanding the above, counsel of record for each party will be permitted to keep one copy of all Confidential Information to maintain in their respective files.

13. Nothing in this Protective Order shall restrict the use or disclosure by any party of its own Confidential Discovery Materials.

14. Nothing in this Protective Order shall be construed to prevent a party or nonparty from seeking such further protections regarding confidentiality as may be appropriate.

15. Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 8th day of December, 2014.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge